U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 AUG 13 PM 12:53

CLERK

BY _____ LAW
DEPUTY CLERK

| | | |
|---|---|---|
| SHANDA WILLIAMS, | * | Civil Action No. 2:19-cv-178 |
| Plaintiff | * | |
| | * | 2:19-cv-178 |
| v. | * | |
| | * | |
| STATE OF VERMONT, | * | |
| Defendant | * | |

## AMENDED COMPLAINT
## OF RACE DISCRIMINATION IN EMPLOYMENT

### PARTIES

1) Shanda Williams is a resident of Montpelier, Vermont.

2) Defendant is the State of Vermont.

### JURISDICTION

3) This is a claim of racial discrimination in employment under Title VII of the federal Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1).

4) The Court therefore has subject matter jurisdiction under 42 U.S.C. §2000e-5(f)(3)

### FACTS

6) Ms. Williams is African-American.

7) She was employed by the Vermont judiciary as a clerk in the Superior Court Criminal Division, Washington Unit as a Docket Clerk B.

8) She was the only African-American employed there.

9) She was subject to a hostile work environment from white co-workers and from her white supervisor Tammy Tyda.

10) She was scapegoated by white co-workers and supervisors for things which were not her fault.

11) She would be blamed for scheduling issues when scheduling would be changed without her being informed of such.

12) The same was when cases or requests for prisoner transport would be added or subtracted from the docket without her knowledge.

13) In certain instances there was purposeful undermining of her job performance by co-workers.

14) She overheard one employee tell another not to help Ms. Williams out.

15) On another occasion she caught a co-worker purposefully hiding a file in her desk after Ms. Williams repeatedly announced that she was looking for it and asked her directly if she had it.

16) The person assigned to train her did not want to do it.

17) Ms. Tyda would constantly bully and scream at Ms. Williams.

17) Ms. Williams complained to her supervisor Ms. Tyda about this with to no effect.

18) In June of 2018 she has been ordered to receive a pay increase effective July 8th.

~~10)~~ 19) She was discharged from her employment on July 30, 2018 after being told by Ms. Tyda that "we are up to speed" and her position was being eliminated because of lack of work.

20) But in fact there was work which was then parsed out to others who were white.

21) Her actual job responsibilities included both in the Criminal and Family Divisions of the Vermont Superior Court, and included general administrative responsibilities which served both Divisions.

22) The actual responsibilities of the Docket Clerk B position filled after her termination were substantially similar to hers.

23) The characterization of her clerk position as "temporary" is a sham.

24) There was no set term to or end date for the position. She was hired for an indefinite term.

25) Some such "temporary" clerks within the Vermont judiciary have been there for a number of years.

26) That simply rendered her an at-will employee under Vermont law.

27) Termination of an at-will employee is an adverse employment action.

28) Ms. Williams did not apply for the "new" Docket Clerk B position once she discovered it had been advertised because of the hostile environment she had experienced, because she reasonably felt that she had been fired, and because she reasonably believed that under the circumstances that it would be a futility.

29) Shortly after being hired in December of 2017 she was advised of an open "permanent" Docket Clerk B position.

30) She applied in December of 2017. In January of 2018 she was advised that the position was put on "hold' because not enough candidates had applied, but later was told that it was filled and that she was denied the position because she had once gone to the store during work.

31) She learned again circa February-March of 2018 that another Docket Clerk B position was open.

32) She applied again and was told at the end of April she was be hired because on

another occasion got up during a meeting to get a jacket. Yet she had been asked to help train both the new hires in these positions.

33) She was rendered homeless as a result of her termination.

34) On July 11, 2019 Ms. Williams received a consent to sue letter from the Equal Opportunity Employment Commission authorizing her to commence a private civil action under Title VII of the federal Civil Rights Act against the State of Vermont.

## COUNT I – RACIAL DISCRIMINATION

35) Paragraphs 1-34 are restated.

36) Plaintiff suffered discriminatory treatment and an adverse employment action on the basis of her race in violation of Title VII of the federal Civil Rights Act 42 U.S.C. § 2000e-2(a)(1).

37) Plaintiff seeks backpay and damages under 42 U.S.C. §§2000e-(5)(f))1, 2000e-5(g)(1) and 42 U.S.C. § 1981a(a)(1) as well as litigation costs and reasonable attorneys' fees under 42 U.S.A. § 2000e-5(k)

## A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE

Dated at Burlington, Vermont this 11th day of August, 2020.

John L. Franco, Jr.
Attorney for Shanda Williams

4